# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **DORIAN JOHNSON,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:20CV00519 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WARDEN STREEVAL,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |

*Dorian Johnson, Pro Se Petitioner.*

The petitioner, proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. I find that his petition must be summarily dismissed.

Court records and decisions available online indicate that Johnson pleaded guilty in the United States District Court for the Eastern District of Tennessee to distribution of five grams or more of cocaine base and was sentenced to a term of imprisonment of 188 months by judgment entered on March 29, 2012. *Johnson v. United States*, Nos. 3:10-CR-110, 3:13-CV-573, 2013 WL 5488646, at *1 (E.D. Tenn. Sept. 30, 2013). Johnson did not appeal. In September of 2013, Johnson filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, challenging his sentence alleging ineffective assistance of counsel. The sentencing court denied the § 2255 motion as untimely filed.

Liberally construed, Johnson's present petition under § 2241 alleges that his sentence is inconsistent with the language of the Career Offender guideline, U. S. Sentencing Guidelines Manual ("USSG") § 4B1.2(b). He asserts, "Specifically stating all qualifying factors as a means for enhancement. The 'attempted sale' not being a qualifying factor." Pet. 6, ECF No. 1. Johnson also claims that § 2255 "doesn't provide the appropriate vehicle to challenge the unconstitutionality of the instant sentence," "[t]he mandatory minimum is an error sufficiently grave to be deemed a fundamental defect," and "Petitioner deserves relief under 2241 (savings clause)." *Id.* at 6–7. As relief, Johnson asks for resentencing.

A federal prisoner bringing a claim for relief from an allegedly illegal sentence must normally do so in a § 2255 motion in the sentencing court. Section 2255(e), also known as the savings clause, provides that a § 2241 habeas petition raising such a claim "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*." 28 U.S.C. § 2255(e) (emphasis added). The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy inadequate or ineffective. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *Cradle v. United States*, 290 F.3d 536, 538–39 (3d Cir. 2002) ("It is the inefficacy of the remedy, not the

personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.") (citation omitted).

Many circuit courts of appeals, including the Fourth Circuit, have held that the savings clause in § 2255(e) is jurisdictional. *United States v. Wheeler*, 886 F.3d 415, 424–25 (4th Cir. 2018) (citing *Williams v. Warden*, 713 F.3d 1332 (11th Cir. 2013)). In other words, the savings clause "commands the district court not to entertain a § 2241 petition that raises a claim ordinarily cognizable in the petitioner's first § 2255 motion except in . . . exceptional circumstance[s]." *Id.* at 425 (citation omitted).

Johnson's request for relief reflects his intention to challenge the validity of his sentence as imposed. In the Fourth Circuit, the remedy in § 2255 is inadequate and ineffective to test the legality of a *sentence* when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429. Thus, unless Johnson demonstrates that the circumstances of his case satisfy the four-part test in *Wheeler* so that the savings clause applies to

permit his belated sentence challenge in a § 2241 petition, this court has no "power to act" on that claim. *Id.* at 425.

Johnson's bid to bring his § 2241 sentence challenge fails under the second facet of the *Wheeler* jurisdiction standard, because his claims do not identify or rely on a change in settled substantive law that occurred after his conviction and first § 2255 motion. *See, e.g., Abdul-Sabur v. United States*, No. 20-7121, 2020 WL 6742938, at *1 (4th Cir. Nov. 17, 2020) (unpublished). Because Johnson has not satisfied the requirements of *Wheeler* to bring his petition under § 2241 through the savings clause in § 2255(e), I am without jurisdiction to address his § 2241 claims. Therefore, I will summarily dismiss his petition without prejudice.

A separate Final Order will be entered herewith.

DATED: November 23, 2020

/s/ JAMES P. JONES
United States District Judge